IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN WALKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-718-B-BN |
| | § | |
| RESURGENT CAPITAL SERVICES | § | |
| LP and LVNV FUNDING LLC, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Steven Walker, proceeding *pro se*, filed this lawsuit against Defendants Resurgent Capital Services LP and LVNV Funding LLC. *See* Dkt. No. 3.

Senior United States District Judge Jane J. Boyle referred the lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. *See* Dkt. No. 5.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this lawsuit without prejudice under Federal Rule of Civil Procedure 41(b).

## Background

Prior orders have documented the background of this case. *See* Dkt. No. 41. The information that follows is repeated here for reference and supplemented with information relevant to the issues now presented before the Court.

After Walker filed this lawsuit, the Court entered an order on May 21, 2025

requiring the parties, first, to meet and confer in person or over the telephone not later than June 4, 2025 to jointly prepare a report under Federal Rule of Civil Procedure 26(f) and, then, to file a joint Rule 26(f) report by June 25, 2025. *See* Dkt. No. 29. And the Court warned the parties "that failing to comply with any part of this order may result in the imposition of sanctions." *Id.* at 6 (citing, as to sanctions, FED. R. CIV. P. 16(f); FED. R. CIV. P. 37(f)).

On June 25, 2025, Defendants submitted a joint report, in which they noted that

> [c]ounsel for Defendants attempted to schedule a call with Plaintiff on June 3, 2025 and June 4, 2025. Plaintiff did not respond to the defendant's inquiries. Counsel then reminded Plaintiff that the report was due on June 25, 2025. It was not until June 25, 2025, that Plaintiff indicated he was available to discuss the Joint Status Report and Proposed Discovery Control Plan. Francesca A. Di Troia on behalf of Defendants and Plaintiff, conferred electronically June 25, 2025 telephonically.

Dkt. No. 20 at 1.

The Court then entered an Initial Scheduling Order, in which it required the parties to complete mediation by January 30, 2026. *See* Dkt. No. 23.

On January 30, 2026, Defendants filed a Notice Regarding Mediation

> to inform the Court of their belief that the appointment of a mediator would be beneficial in resolving this case. Defendants have communicated with Plaintiff regarding the potential filing of a joint request for the appointment of a mediator. While Plaintiff has indicated that they believe mediation would be helpful, they have not responded to Defendants' email requesting that a joint request be filed. Consequently, Defendants are filing this Notice independently on their behalf.

Dkt. No. 25 at 1. The Certificate of Conference also indicated that "counsel for

Defendants attempted to confer with Plaintiff regarding the appointment of a mediator, but Plaintiff did not respond to counsel's emails." *Id.* at 2.

The Court referred this case to United State Magistrate Judge Lee Ann Reno for mediation. *See* Dkt. No. 26.

In response to an order from Judge Reno requiring the parties to submit a joint advisory of their availability, *see* Dkt. No. 27, Defendants submitted their own advisory, in which they stated their availability and explained that "Defendants have emailed Plaintiff three times," but "Plaintiff has not responded," and, so, "Defendants are filing this Advisory independently on their own behalf," Dkt. No. 28.

Judge Reno then set a settlement conference for March 31, 2026. *See* Dkt. No. 32. But, when both parties failed to timely submit a list of names and contact information of anticipated attendees, the settlement conference was vacated. *See* Dkt. No. 35.

Once again, Judge Reno required the parties to submit a joint advisory regarding their availability for a rescheduled settlement conference. *See* Dkt. No. 36. And, once again, Defendants submitted their own advisory, explaining that "Defendants have emailed Plaintiff three times" and that "Plaintiff proposed dates that were not on the Court's order and then stopped responding to emails." Dkt. No. 37.

Judge Reno reset the settlement conference for May 6, 2026. *See* Dkt. No. 38. Although Defendants appeared, "Walker, after receiving notice of the date and time of the conference from both [Judge Reno] and defense counsel, did not appear." *See*

Dkt. No. 40.

Walker failed to obey the Court's order to confer under Rule 26(f) by June 4, 2025; to obey both of Judge Reno's orders requiring him to submit his availability for mediation; to obey Judge Reno's order requiring him to submit information before the March 31, 2026 mediation; and to appear for the May 6, 2026 mediation. And, so, the Court ordered Walker to file a written response by June 8, 2026 and show cause why sanctions should not be imposed. *See* Dkt. No. 41.

Walker failed to file a response to the Court's Order to Show Cause [Dkt. No. 41] by the deadline.

### Discussion

Rule 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute); *see also Campbell v. Wilkinson*, 988 F.3d 798, 800-01 (5th Cir. 2021) (holding that the text of Rule 41(b) does not extend to a failure to comply with a court's local rule insofar as that violation does not also qualify as a failure to prosecute (discussing *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188 (5th Cir. 1992))).

This authority "flows from the court's inherent power to control its docket and

- 4 -

prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Lopez v. Ark. Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("Although [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" (quoting *Link*, 370 U.S. at 631)); *Campbell*, 988 F.3d at 800 ("It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion." (citing *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 251 (5th Cir. 1984) (citing, in turn, *Link*, 370 U.S. at 631))).

And the Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cnty. Child Welfare Dep't*,

757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

"When a dismissal is without prejudice but 'the applicable statute of limitations probably bars future litigation,'" that dismissal operates as – i.e., it is reviewed as – "a dismissal with prejudice." *Griggs*, 905 F.3d at 844 (quoting *Nottingham*, 837 F.3d at 441); *see, e.g., Wright*, 754 F. App'x at 300 (affirming dismissal under Rule 41(b) – potentially effectively with prejudice – where "[t]he district court had warned Wright of the consequences and 'allowed [her] a second chance at obtaining service'" but she "disregarded that clear and reasonable order").

By not complying with the Court's and Judge Reno's orders, as set out above, Walker – in addition to leaving the impression that he no longer wishes to pursue the claims in this lawsuit – has prevented this action from proceeding and has thus failed to prosecute.

A Rule 41(b) dismissal of this lawsuit without prejudice is warranted under these circumstances and to the extent provided below.

Because the undersigned concludes that lesser sanctions would be futile, the Court should exercise its inherent power to prevent undue delays in the disposition

of pending cases and *sua sponte* dismiss this action without prejudice under Rule 41(b).

That said, these findings, conclusions, and recommendation provide notice that the Court intends to follow through with its warning and dismiss Walker's lawsuit without prejudice under Rule 41(b). And the time within which to file objections to this recommendation (as further explained below) allows Walker an opportunity to demonstrate that they will follow the Court's orders going forward by filing a response to the Court's orders to show cause.

### Recommendation

The Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 11, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE